Mr. Kie D. Hall, Executive Director Arkansas Public Employees Retirement System One Capitol Mall Little Rock, AR 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion regarding military service credit. Specifically, you have asked about the relationship between federal and Arkansas law in this area, as well as the impact of 1991 Arkansas legislation on the subject.
As noted in your opinion request, federal law appears to require employers to give employees retirement credit for periods of United States military service that interrupt their employment, at least to the extent that the employer provides such credit to its employees for other leaves of absence. See Alabama PowerCo. v. Davis, 431 U.S. 581 (1977) (interpreting38 U.S.C. §§ 2021 and 2024 (1981), the Military Selective Service Act).
Specifically, 38 U.S.C. § 2021(a) provides that any person who leaves a permanent position with any employer to enter the military, satisfactorily completes his military service and applies for re-employment within 90 days of his discharge from the military must, if still qualified to perform the duties of such position:
 be restored by such employer or his successor in interest to such position or to a position of like seniority, status, and pay . . . unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so.
Section 2021(b) goes on to provide that any person who is so restored to a position:
 shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces. . . .
The United State Supreme Court held in Alabama Power Co. v.Davis, supra, that pension/retirement benefits are among those benefits protected under these provisions. Accordingly, individuals are entitled to military service credit toward retirement to the extent that their employer provides such credit to other employees on leave of absence, something that will likely vary with employers. It should also be noted that Section 2024(a) and (b) appear to restrict the enjoyment of the above-stated rights to those whose military service does not exceed a certain number of years served at various times.
You have asked whether Arkansas law is in conflict with federal law on this issue. Sections 2021 and 2024 do prohibit states from placing restrictions on the rights guaranteed therein. SeeJennings v. Illinois Office of Education, 589 F.2d 935 (1979),cert. denied, 441 U.S. 967 (1979). It should be noted, however, that states and political subdivisions are not prohibited from establishing greater or additional rights or protections for persons who have accumulated such periods of military service. See 38 U.S.C. § 2021(c) (1981). It appears that Arkansas has several statutory provisions on the subject of military service credit. See, e.g., A.C.A. § 21-4-102 (Supp. 1991); A.C.A. § 21-4-212 (Supp. 1991); A.C.A. § 21-4-309 (1987); A.C.A. § 21-4-310 (1987); A.C.A. § 24-2-501 (Supp. 1991); A.C.A. § 24-4-507 (Supp. 1991); A.C.A. § 24-6-210 (1987); and A.C.A. §24-2-502 (1987). These provisions appear to guarantee certain public employees of Arkansas, among other things, the right to military service credit toward retirement.
In fact, some of these provisions, specifically, A.C.A. §§21-4-308, -309, and -310 (1987), have been held by the Arkansas Supreme Court to guarantee the public employees of Arkansas the reemployment rights provided by 38 U.S.C. §§ 2021 and 2024 (1981). See Smith v. Little Rock Civil Service Comm'n,214 Ark. 765, 218 S.W.2d 366 (1949).[1] Sections 21-4-309 and -310 provide as follows:
Section 21-4-309:
 Any public employee who may be granted a leave of absence under the provisions of this subchapter and who serves for not more than four (4) years, plus any period of additional service imposed pursuant to law shall be entitled, upon release from service under honorable conditions, to reemployment rights as provided by federal law. The refusal of any state, county or municipal official to comply therewith shall subject the official to removal from office.
Section 21-4-310:
 (a) During a leave of absence, an official shall be entitled to preserve all seniority rights, efficiency rating, promotional status, and retirement privileges.
 (b) The period of active military service shall, for purposes of computations to determine whether such persons may be entitled to retirement under the laws of the State of Arkansas, be deemed continuous service in the office of the official or employee.
 (c) While absent on leave, the official or employee shall not be required to make contribution to any retirement fund.
Indeed, it could be argued that § 21-4-310(b) guarantees all public employees of Arkansas that their periods of active military service will be deemed to be continuous service to their employer for purposes of determining their entitlement to retirement benefits.
The other Arkansas provisions noted above, including A.C.A. §24-4-507 (1987), which you have specifically asked about, merely guarantee certain public employees of Arkansas military service credit for certain periods of military leave. As noted previously, states are permitted to provide greater protection to individuals than is guaranteed them under 38 U.S.C. §§ 2021 and 2024. Thus, it is my opinion that Arkansas law does not conflict with federal law on this issue. To the extent that Arkansas law does not guarantee such credit, however, it is my opinion that federal law would still require Arkansas employers, both public and private, to give their employees credit toward retirement for periods of military service to the extent that they give their employees such credit for other leaves of absence. See38 U.S.C. §§ 2021 and 2024 (1981); Alabama Power Co. v. Davis,supra.
You have also asked whether the compensation paid to employees during their participation in Operation Desert Shield/Desert Storm pursuant to Act 652 of 1991 should be reported for retirement purposes. Act 652 provides that persons participating in the recent war effort were eligible for proportionate salary payments that, when combined with their active duty pay, would equal their regular salary. Act 652 does not specify whether or not these supplemental payments should be reported for retirement purposes. However, it must be noted that statutes under both the public employees retirement system and the state police retirement system specifically prohibit periods of military service from being included in computing a member's final average compensation for retirement purposes. See A.C.A. §24-4-507(b)(4) (Supp. 1991) and A.C.A. § 24-6-210(a)(4) (1987). There is no similar provision under the judicial retirement system; however, it is my opinion that you could reasonably follow the method provided in the other two retirement systems administered by your agency.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
WB/CCT:ch
[1] In Smith, the court actually cited to the predecessor of38 U.S.C. 2021 and 2024, the Military Selective Service Act, codified first as 50 U.S.C. § 308, and then as 50 U.S.C. § 459. The recodification occurred without substantial change.